No. 2299.—MARCUS L. BELL, Trustee, v. J. R. POWELL.

A factor or commission merchant who resides in the city of New Orleans, who accepts a consignment from a person acting as trustee in a State where such titles are universally recognized, can not compensate the claim against himself for the proceeds of the articles consigned with a debt held by him against the person from whom the trust is derived.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Bradford, Lea & Finney,* for plaintiff and appellee. *Lacey & Butler,* for defendant and appellant.

LUDELING, C. J. During the year 1866, J. R. Powell, a cotton factor and commission merchant of New Orleans, furnished supplies and money for the cultivation of the crop on P. P. DeBosy Desit's planta-

tion, situated in the State of Arkansas, and the latter promised to ship his crop to the former.

One J. J. Walstein held a judgment in the United States Circuit Court for the Eastern District of Arkansas against the said DeBosy Desits, and he was about to levy an execution upon the cotton and other property of said Desits, when it was agreed that a deed of trust should be executed upon the cotton crop then being picked, and estimated at one hundred and twenty bales, and supposed to be worth $15,000. Accordingly, on the sixteenth day of October, 1866, DeBosy Desits executed a deed of trust to Marcus L. Bell upon one hundred and twenty bales of cotton on his farm, which said cotton was to be shipped and sold by the trustee, and out of the proceeds of sale eight thousand dollars were to be paid to the account of said Walstein on his claim of $16,900 then due him by Desits; and it was further stipulated that after forty bales of cotton were consumed by the trustee, he should pay to DeBosy Desits, out of the next shipment, the sum of fifteen hundred dollars, to enable him to pay Jesse R. Powell for cash and goods advanced him. And it was agreed personally between DeBosy Desits and Marcus L. Bell that inasmuch as Desits owed Powell fifteen hundred dollars for cash and supplies advanced, the said Bell should ship to Powell, as a commission merchant, the cotton to give him the benefit of the commissions for selling.

In accordance with the agreement, Bell, trustee, shipped forty-eight bales of said cotton to Jesse R. Powell, which he sold for $5670 06 net. Powell remitted to plaintiff, out of the proceeds of the forty-eight bales, the sum of $4950, and having refused to pay the balance of the proceeds on the drafts of the trustee, Bell shipped the remainder of the cotton, nineteen bales, to other parties. Bell paid to DeBosy Desits $1450 of the $1500 which it was stipulated in the deed of trust that he should pay him to enable Desits to pay Powell, and the crop being smaller than was estimated, the trustee refused to pay him any more.

This suit is to recover from the commission merchant of the trustee the remainder of the proceeds of the sale of the forty-eight bales shipped to him.

The defense is substantially that Powell, a commission merchant, had furnished necessary plantation supplies and advanced cash to buy necessary plantation supplies to enable DeBosy Desits to make the cotton, to the extent of $1724 08, and that it was agreed at the time the cotton was shipped that he should reimburse himself out of the proceeds, and that, expecting to get the whole crop, he had paid in error $1004 more than was due by him, after deducting the advances made by him. He pleads compensation, and prays for judgment in reconvention for $1004 against the plaintiff.

The question presented for decision, then, is whether a factor who

accepts a consignment from a person acting as trustee, in a State where such titles are universally recognized, can compensate the claim against himself for the proceeds of the sale of the articles consigned with a debt held against the person from whom the trust is derived? We think not. Even if the cotton had been shipped by DeBosy Desits himself, the consignee would have been obliged to obey the instructions of the consignor in relation to the proceeds of the cotton consigned to him. 2 An. 27, Bludworth *v.* Jacobs; 6 An. 46, Nolan *v.* Shaw; C. C. 2207, 2927.

In his letter advising Powell of the first shipment of cotton, the plaintiff says: "Place cotton to my credit as trustee." Bell's title as trustee was perfect by the laws of Arkansas, where all the parties to. the trust resided, and where the property which was the subject of the trust was situated. And the evidence in the record shows that all the stipulations of the deed of trust have been complied with, "so far as. the cotton would go." It must be observed that the contract creating the trust was made with Desits, and not with Powell, and that the clause reserving $1500, which was for the benefit of Powell, contained the stipulation that this sum was to be paid to Desits himself, who reserved the right to settle his accounts with Powell, and the evidence shows that $1450 was paid to Desits, this sum being all that was left of the proceeds of the cotton.

It is therefore ordered and adjudged that the judgment of the district court be affirmed, with costs of appeal.